SCHOTT, Judge,
concurring:
This is an appeal from a judgment sustaining an exception of no cause of action. In order to test the validity of the judgment we must determine if appellants are entitled as a matter of law to the relief which they sought considering only the allegations of their petition and accepting them as true.
Appellants’ cause of action is based upon Sec. 520 of the Soldiers’ and Sailors’ Civil Relief Act. They allege that their property was seized in the executory proceedings instituted by Taurus and that it was sold to Mr. and Mrs. Alvin C. Huber at the sheriff’s sale. They pray that the “judgment” be vacated, the sale of the property cancelled and “clear title to the property” be reinstated to them.
Section 520(4) of the Act provides that vacating any judgment because of the provisions of the Act “shall not impair any right or title acquired by any bona fide purchaser for value under such judgment.” In an attempt to circumscribe this provision appellants alleged in their motion to vacate that “[p]rior to the consummation of the sale, Mr. and Mrs. Huber were placed on notice, both verbally and in writing, that the aforesaid judgment was under attack, and that a Notice of Lis Pendens had been filed.”
Accepting this allegation as true for purposes of this opinion I do not believe that it is sufficient to remove the Hubers from the class of bona fide purchasers for value. *306 Yerbal and oral warnings to prospective third party purchasers at public auctions could hardly be sufficient to place those purchasers in bad faith if they disregard such warnings. As far as the alleged notice of lis pendens is concerned unless that notice was recorded or registered in the public records it has no bearing or effect on third parties.
While we do not ordinarily look beyond the four corners of the petition in deciding the merits of an exception of no cause of action, appellants in this case did incorporate by reference in their petition all of the proceedings leading up to the sheriff’s sale. The copies of certificates ordered by the sheriff do not disclose any notice of lis pendens filed by appellants.
In addition, an examination of the entire record in this case shows that appellants are not in a position to have the sheriff’s sale set aside because they have acquiesced in those proceedings. The record shows that the judgment appealed from was signed on January 11, 1980, but in the meantime on January 7 appellants had filed a motion to compel the sheriff to turn over to them the $52,000 remaining in his hands after the mortgages and the cost of the sale were paid out of the $81,000 for which the house was sold. In that motion appellants recited that they “desire and are entitled to have this balance released to them...” A week after the judgment appealed from was signed the court signed a judgment in favor of appellants, ordering the sheriff to turn over to appellants this sum of $52,000.
C.C.P. Art. 2085 prohibits an appeal by a party who voluntarily and unconditionally acquiesces in a judgment rendered against him. Appellants are appealing from a judgment denying them the right to seek a rescission of the sheriff’s sale in a case where the purchasers paid the price and appellants not only accepted that price but indeed demanded the delivery of the price to them.
Summing up, I believe that the provisions of the Soldiers’ and Sailors’ Civil Relief Act specifically prevent appellants from asserting the claim that they have since the property has been sold to bona fide purchasers at the sheriff’s sale, and even if there was any merit to appellants’ claim they have lost their right to appeal from the adverse judgment because of their acquiescence in that judgment by insisting that the sheriff turn over the proceeds to them and by their acceptance of those proceeds.